```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ARNOLD ALLEN,

                    Plaintiff,                   MEMORANDUM & ORDER
                                                    20-CV-0904(EK)
        -against-

ANDREW SAUL, COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Arnold Allen brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the denial of his claim for Social Security disability benefits. He moves for judgment on the pleadings reversing that decision, or in the alternative an order remanding his application for further review. Plaintiff argues, among other things, that the Administrative Law Judge ("ALJ") erred by misapplying the agency's "listed impairment" definition for "Disorders of the spine." (SSA Listing 1.04A). The Commissioner of Social Security cross-moves for judgment on the pleadings, asking the Court to affirm the denial of Plaintiff's application. For the reasons set forth below, I grant Plaintiff's motion and deny the Commissioner's.

## I. Background

        Allen applied for disability benefits on May 13, 2016, seeking coverage from December 10, 2011 forward. Administrative

Transcript ("Tr.") at 214, 257, ECF No. 8. The Commissioner denied his request on November 25, 2016. *Id.* at 88-103. Following a hearing, ALJ Sandra McKenna denied his appeal on May 15, 2019. *Id.* at 12-28. On December 16, 2019, the Appeals Council denied Plaintiff's application for review. *Id.* at 1-6. Plaintiff appealed to this Court on February 19, 2020.

Plaintiff's initial application asserted the following impairments: lumbar disc herniations, cervical disc herniation requiring spinal stenosis, herniated discs, and degenerative disc disease. *Id.* at 257.

## II. Standard

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g). However, "[f]ailure

to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

### III. Statutory and Regulatory Framework

An applicant is entitled to Social Security disability benefits if he or she is "disabled." 42 U.S.C. § 423(a)(1)(E). The statute defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

Social Security regulations set out a five-step procedure for evaluating whether or not a claimant meets the statutory definition. First, the claimant may not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to do basic work activities. *Id.* § 404.1520(c). Third, the Commissioner must determine if the claimant's impairments meet or equal one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the Commissioner will deem the applicant disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or equal one of the Listed Impairments, then the Commissioner proceeds to the fourth step. At this stage, the Commissioner establishes the claimant's residual functional capacity ("RFC"). Based on the RFC, the Commissioner must then determine whether the applicant can perform any job the applicant has held in the past. *Id.* § 404.1520(f). If the applicant is unable to perform his or her prior work, the Commissioner proceeds to the fifth and final step. Here, the Commissioner must determine whether the applicant could perform other jobs available in the national economy, based on the claimant's age, education, work experience, and RFC. *Id.* § 404.1520(g). If no such jobs are available to the applicant, the Commissioner must find the applicant disabled. The burden of proof rests on the applicant until the final step.

### IV. The ALJ's Decision

At step one, the ALJ concluded that Plaintiff's insured status continued through December 31, 2015, and that he had not engaged in substantial gainful activity since the claimed onset of his disabilities on December 10, 2011. Tr. at 17. At step two, the ALJ found that Plaintiff had the following

4

severe impairments: glaucoma,[1] obesity, and lumbar spine degenerative disc disease with bulging discs and stenosis. *Id.* At step three, however, the ALJ determined that none of these impairments (alone or combined) met or medically equaled one of the Listed Impairments. *Id.* The ALJ determined that Plaintiff did not meet the requirements for Listing 1.04A ("Disorders of the spine") because "the record did not reflect atrophy." Tr. at 18; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A ("Listing 1.04A") (requiring "atrophy with associated muscle weakness or muscle weakness").

At step four, the ALJ determined that Plaintiff had the RFC to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a). The residual capacity to perform sedentary work means the claimant can lift "no more than 10 pounds at a time" and is capable of "walking and standing [only] occasionally," among other things. *Id.* The ALJ found that Plaintiff could "occasionally reach overhead with the bilateral upper extremities," "climb ramps and stairs," and "occasionally stoop," but that Plaintiff could "never climb ladders, ropes, or scaffolds," "kneel, crouch or crawl," "work at unprotected

---

[1] Plaintiff did not list glaucoma as an impairment in his initial application, as noted above. But the ALJ determined, based on her review of the record, that Plaintiff's glaucoma was a severe medically determinable impairment. Tr. at 18, 20-21.

5

heights or with moving mechanical parts," or "operate a motor vehicle." *Id*.

Based on her RFC analysis, the ALJ found that Plaintiff could not perform his past work. *Id*. at 21. But at step five, the ALJ concluded that Plaintiff could perform other jobs available in the national economy — namely, as a telephone information clerk, charge account clerk, or document preparer. *Id*. at 22. Accordingly, the ALJ concluded that Plaintiff was not disabled.

### V. Discussion

As noted above, Plaintiff challenges the ALJ's decision on several grounds, including that the ALJ misapplied Listing 1.04A. For the reasons set out below, I agree that the ALJ's decision was deficient in this respect.

Listing 1.04A provides, in relevant part:

> A disorder of the spine (such as herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) that has resulted in the compromise of a nerve root (including cauda equine) or the spinal cord *with the following:*
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). . . .

6

It is the claimant's burden to "demonstrate that [his] disability [meets] 'all of the specified medical criteria' of a spinal disorder." *Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 888 (2d Cir. 2007) (cleaned up). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zabley*, 493 U.S. 521, 530 (1990).

Here, the ALJ concluded that Plaintiff did not meet the Listing 1.04A criteria because Plaintiff's "representative [at the hearing] . . . admitted that the record did not reflect atrophy." Tr. at 19. But the Listing requires a showing of "atrophy with associated muscle weakness *or* muscle weakness." Listing 1.04A (emphasis added). This requirement is framed in the alternative, and the ALJ did not reference the "muscle weakness" part of the standard. The only statement that arguably relates to muscle weakness was that "there was no evidence of muscle wasting, asymmetry, or atrophy." Tr. at 21. "Muscle wasting" is related to, if not synonymous with, "muscle atrophy." *See, e.g.*, U.S. National Library of Medicine, MedlinePlus, *Muscle Atrophy* ("Muscle atrophy is the wasting (thinning) or loss of muscle tissue.").[2] But muscle weakness is

---

[2] https://medlineplus.gov/ency/article/003188.htm (last visited Sept. 29, 2021).

7

a different metric.  And nothing in the ALJ's decisions indicates that she considered the evidence of "muscle weakness" in its own right.

This was error.  *See, e.g., Taylor v. Berryhill*, No. 3:17-CV-91432 (SRU), 2018 WL 4562349, at *5 (D. Conn. 2018) (remanding because ALJ "misstat[ed] the requirement" for a materially identical Listing by "implying that motor loss could only be shown through atrophy, rather than including the possibility that muscle weakness could be shown . . . without atrophy").  And the error was not obviously harmless.  *See, e.g., Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." (cleaned up)).  The record *does* contain evidence of muscle weakness — namely, three reports from Plaintiff's treating physician, Dr. Xiang Luo, listing "muscle strength" under "assessment / problem list," Tr. at 586-88; and a "follow up" report from Dr. Luo stating, "Positive: Weakness or numbness, Tingling," *id.* at 557.  This evidence, which the

8

ALJ did not address, could undermine the ALJ's conclusion that there was insufficient evidence of muscle weakness.[3]

The Commissioner argues that this evidence shows no more than mild and intermittent episodes of muscle weakness. Some authority suggests that consistency is a requirement under Listing 1.04A. *Compare* Social Security Acquiescence Ruling (AR) 15-1(4), 2015 WL 5564523 (Sept. 23, 2015) (entitled the "Standard for Meeting the Listing for Disorders of the Spine with Evidence of Nerve Root Compression") ("[T]he simultaneous presence of all the medical criteria in paragraph A must continue, or be expected to continue, for a continuous period of at least 12 months.") *with Taylor*, 2018 WL 4562349, at *5 ("[T]he listing requirements for Section 1.04A do not include consistency as a requirement."). But even if the Commissioner were correct that consistency is necessary, the ALJ made no finding on that subject. The actual rationale of the decision was that the record contained no evidence of "atrophy." Tr. at 19. And a "reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (social security appeal); *see*

---

[3] The record did reflect Dr. Luo's "Daily Physical Therapy Progress Notes," which ascribed a "4/5" rating to Plaintiff's "Muscle Strength." *Id.* at 573. But it was for the ALJ, in the first instance, to determine the credibility and weight to be accorded to this notation, and to balance it against the other medical evidence of muscle weakness.

9

*also, e.g.*, *Lugo v. Berryhill*, 390 F. Supp. 3d 453, 460 (S.D.N.Y. 2019) (remanding where Commissioner raised argument on appeal that ALJ did not rely on).

On remand, the Commissioner should apply the "muscle weakness" standard in Listing 1.04A and explain why the evidence identified above does (or does not) satisfy that standard. This opinion should be read to express no conclusion on that issue.

## VI. Conclusion

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is denied and Plaintiff's motion is granted. This case is remanded for further proceedings consistent with this opinion.

SO ORDERED.

/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:   September 29, 2021
         Brooklyn, New York